UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARVIN T. OWENS, #1078318,

                Petitioner,

v.                                                                Civil Action No. 2:11cv641

MARIE VARGO,
Warden, Sussex II State Prison,

                Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 1995 and currently serving two life sentences, asserts that the Virginia Department of Corrections has denied him due process by failing to provide him a mandatory release or "max date". Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred and Owens' alleged due process violation is without merit, the undersigned recommends it be dismissed.

### I. STATEMENT OF THE CASE

On June 2, 1995, in the Circuit Court of the City of Virginia Beach, a jury convicted Petitioner Marvin T. Owens ("Petitioner" or "Owens") of capital murder, murder—first degree, robbery, and use of a firearm in the commission of felonies. On September 20, 1995, Petitioner was sentenced to life imprisonment on each charge of capital murder and murder—first degree,

and 58 additional years for the charge of robbery and use of a firearm in the commission of felonies.

Owens appealed to the Virginia Court of Appeals, which affirmed the Circuit Court's decision on November 19, 1996. Owens v. Commonwealth, No. 2259-95-1, 1996 WL 666739, at *1-2 (Va. Ct. App. Nov. 19, 1996). In 1997 the Supreme Court of Virginia denied Owens' petition for appeal. (Pet., ECF No. 1 at 2). Owens did not file a petition for certiorari in the United States Supreme Court. Id.

On July 27, 2011, Owens filed a petition for a writ of habeas corpus in the Supreme Court of Virginia (ECF No. 12-1 at 2). Petitioner's state habeas petition alleged:

> Petitioner has been deprived of due process of law under the Virginia Constitution, article 1, section 11, and the United States Constitution, Amendment 14, due to the failure and/or refusal of the Virginia Department of Corrections (VDOC) to correct petitioner's VDOC records information to reflect his release date as established in, and provided for by, Virginia law.

Id. at 4. On September 14, 2011, the Supreme Court of Virginia ordered that Owens' petition for a writ of habeas corpus be dismissed. (ECF No. 12-1 at 31).

On December 1, 2011, Owens, proceeding pro se, filed the present federal habeas petition. (ECF No. 1 at 4).[1] Owens asserts the same claim for relief as in his state petition. Id. Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. (ECF Nos. 10, 11, 12). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Owens responded on March 3, 2012, and Respondent's Motion to Dismiss is now ripe for judicial review.

---

[1] Owens signed and dated his petition November 21, 2011. However, it was filed with the Court on December 1, 2011.

2

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Owens' petition is time-barred.

Owens' habeas petition in this Court is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) – (D). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, judgment was entered against Owens in the Circuit Court for the City of Virginia Beach on September 20, 1995. Petitioner appealed his conviction to the Court of Appeals of Virginia, which affirmed the Circuit Court judgment on November 19, 1996. Petitioner acknowledges that, in 1997, his appeal to the Supreme Court of Virginia was denied. (ECF No. 1 at 2). Owens then had ninety (90) days to file a petition for writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2101(c); see Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Owens did not file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 2). As such, Owens' conviction became final ninety (90) days after the 1997 decision of the Supreme Court of Virginia which denied Petitioner's appeal from the judgment of the Virginia Court of Appeals. Owens' federal habeas petition was not filed until December 1, 2011,

more than twelve years after the 1997 decision of the Virginia Supreme Court became final. This was eleven years after the one-year limitation period mandated by 28 U.S.C. 2244(d)(1).

Owens seeks to avoid the statute of limitation by claiming that the factual predicate of his constitutional claims, VDOC's alleged failure to provide a "Commitment Update Sheet," was not known to him until April 13, 2011. (ECF No. 2 at 2-3). However, § 2244 (d)(1)(D) limits the extension of the statute of limitations to those instances when a factual predicate "could not have been discovered through the exercise of due diligence." The record does not support Owens' claim that a Commitment Update Sheet was not provided or could not have been obtained until April 13, 2011.

Wendy K. Brown, Manager of the Court and Legal Services Section for the Virginia Department of Corrections, supplied an affidavit which directly contradicts Owens' claim to extend the limitations period. (ECF No. 12-2 at 1). The Brown affidavit indicates that a Commitment Update Sheet was generated and forwarded to Owens on December 5, 1995. Id. at 4. Moreover, eight additional Commitment Update Sheets have been provided to Owens. Id. Finally, Owens admits that a Commitment Update Sheet was forwarded to him on April 13, 2011, only seven (7) days after his request for the record on April 6, 2011. (ECF No. 2 at 2). Given Brown's testimony that Owens received nine Commitment Update Sheets, and the timely response by the VDOC to Owens' April 2011 request, the undersigned finds that Petitioner was apprised, or through the exercise of due diligence could have been apprised, of his commitment status at least five years prior to the filing of his federal habeas petition. Therefore, knowledge of the factual predicate of Owens' claims would not extend the statute of limitations prescribed by § 2244, to render his 2011 filing timely. Accordingly, Owens' habeas petition is time-barred.

**B. Owens' alleged due process violation is without merit.**

Even if Owens' habeas claims were timely, he has cited no violation of federal law sufficient to sustain his petition. Habeas claims under § 2254 are reviewed only for violations of federal law "because federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Owens' habeas petition argues that he was deprived due process of law under both the Virginia Constitution and the United States Constitution. (ECF No. 1 at 4). Specifically, Owens' contends that pursuant to VA. CODE ANN. §53.1-199 he is eligible "ten days good conduct credit (hereafter "good time credit") for each thirty days served . . . One half of such credit shall be applied to reduce the period of time he shall serve before being eligible for parole." (ECF No. 2 at 4-5). He argues that because five days good time credit goes to the "'front' of his sentence, i.e., discretionary parole release date . . . the remaining five [must go to] the 'back' of his sentence, i.e., his [m]andatory parole release date." Id. at 5 (citing Va. Code § 53.1-199). In short, Petitioner argues he is entitled to use five days good time credit for every thirty-day period served to reduce the release date of his life term. Owens has provided no supporting authority for his novel claim and it is unpersuasive.

Owens is not serving a mandatory term of years, but two life sentences, which are by their nature indeterminate. VDOC's failure to apply good time credits for the purpose of calculating a mandatory release date does not violate the Due Process Clause of the United States Constitution.

A prisoner has a substantive right to good time credits and "due process requires that such a right not be 'arbitrarily abrogated.'" Waddell v. Dep't of Corr., ___ F.3d ___, No. 11-7234, 2012 WL 1890394, at *9 (4th Cir. May 25, 2012) (quoting Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Wolff thus commands that once a prisoner has accumulated good time credits

5

he has a liberty interest which cannot be arbitrarily taken away without procedural safeguards. Wolff, at 556.

Here, however, Owens has not been arbitrarily denied good time credits. In Jennings v. Parole Bd. of Va., 61 F.Supp.2d 462 (E.D. Va. 1999) the court addressed the interest a prisoner serving a life sentence has in good time credits. After noting that a petitioner serving a life sentence can earn no more than ten days good time credit for every thirty days served, the court held that "this credit counts only to hastening petitioner's parole eligibility, not his release date." Jennings, at 467. See also Waddell, at *9 (interpreting North Carolina law and finding that good time credits have never been used for the purpose of reducing a life sentence).

Put simply, because good time credits are not used for the purpose Owens seeks — to reduce his life sentence — his right to use credits in that manner could not be abrogated. Waddell, at *9. Accordingly, the undersigned finds that Petitioner's due process challenge is both untimely and without merit and recommends that it be dismissed.

### III. RECOMMENDATION

Owens' habeas petition is time-barred and the alleged due process violation he asserts is without merit. The undersigned recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and Respondent's Motion to Dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the

date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 11, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Marin T. Owens #1078318
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Lara Kate Jacobs
Office of the Attorney General
900 E Main St
Richmond, VA 23219

                                  Fernando Galindo,
                                  Clerk of Court

                  By:_____
                      Deputy Clerk

                      _____, 2012